IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LESLIE BURRELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:24-cv-00576-FJG |
| VEEVA SYSTEMS, INC., | ) ) ) |
| Defendant. | ) |

## JOINT PROTECTIVE ORDER

Before this Court is the parties' Joint Motion for Protective Order (Doc. No. 10). The parties agree during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because of the nature of Plaintiff's claims and Defendant's defenses to Plaintiff's claims. Specifically, Plaintiff has alleged disability discrimination and retaliation in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq.* ("MHRA"), disability discrimination and retaliation in violation of the Americans with Disabilities Act As Amended ("ADAAA"), 42 U.S.C. § 12101 *et seq.*, and FMLA retaliation in violation of 29 U.S.C. § 2601 *et seq. See* Doc 1. Exhibit A. Plaintiff has also made a demand for damages, including economic and emotional distress

damages. *Id.* As such, Defendant is expected to request documents and information regarding Plaintiff's confidential medical history, and confidential information related to her income and finances, including her employment status, history, and earnings. Plaintiff will likely seek to discover information including confidential business information, accommodations requested by and provided to other employees, the personnel and human resources files of current and former employees of Defendant, and e-mail correspondence and other communications and documents pertaining to sensitive operational matters and personal matters.

For good cause shown under Fed. R. Civ. P. 26(c), the Court **GRANTS** the parties' Joint Motion for Protective Order (Doc. No. 10) and hereby enters the following Protective Order:

**1.** **Scope.** All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below.

**2.** **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

financial records and tax returns, employment records, operational records, medical records, and/or other materials maintained confidential by the parties in the ordinary course. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order.

4. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver

of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 30 days after discovery of the inadvertent failure.

    **5.**    **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time, ordinarily not to exceed 30 days, after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

    **6.**    **Protection of Confidential Material.**

    **(a)**    **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, or any other related legal proceeding brought by one of the parties to this action. No copies of designated materials shall be made except by or on behalf of counsel of record for the parties to this Order.

    **(b)**    **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

    (1)    The parties to this litigation, including any employees, agents, and representatives of the parties;

    (2)    Counsel for the parties and employees and agents of counsel;

    (3)    The Court and Court personnel, including any special master appointed by the Court, and members of the jury;

    (4)    Court reporters, recorders, and videographers engaged for depositions;

    (5)    Any mediator appointed by the Court or jointly selected by the parties;

    (6)    Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only

after such persons have been advised of and agree to comply with this Order;

(7) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have been advised of and agree to comply with this Order;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)** **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.

**7.** **Filing of Confidential Information.** If a party seeks to file any document containing Confidential Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the Court's requirements for filing under seal in light of the public's qualified right of access to court dockets. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). The parties understand that the requested documents may be filed under seal only with the permission

of the Court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record will have access to the sealed documents.

8. **Discovery Disputes; Challenges to a Confidential Designation.** In the event of a discovery dispute, no party may file a discovery motion before fully complying with Local Rule 37.1. Local Rule 37.1 also applies to any dispute on an objection to a confidential designation under the terms of this Protective Order. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

9. **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10. **Obligations on Conclusion of Litigation.**

    **(a)** **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

    **(b)** **Return of Confidential Documents.** Documents designated as containing Confidential Information do not need to be returned to the producing party,

6

Case 4:24-cv-00576-FJG   Document 13   Filed 10/17/24   Page 6 of 10

unless a request to return such documents is made within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals. If such a request is made, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Counsel further retains the right to keep a copy of all confidential documents as part of their maintenance of client files as required by the applicable rules of professional conduct.

**(c)** **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

**11.** **Order Subject to Modification.** This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

7

Case 4:24-cv-00576-FJG   Document 13   Filed 10/17/24   Page 7 of 10

**12. Enforcement of Protective Order.** Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order. *See Flynt v. Lombardi*, 782 F.3d 963, 966 n.2, 967 (8th Cir. 2015) (per curiam).

**13. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

**14. Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**15. Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

**16. Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**17. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other

8

Case 4:24-cv-00576-FJG   Document 13   Filed 10/17/24   Page 8 of 10

litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

**18. Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work product protection, including, but not limited to, information or documents that may be considered Confidential Information under the

Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. A request is defined as a written request, accompanied by an evidentiarily appropriate Privilege Log supporting the privilege or work product assertion of the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within seven days, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

**IT IS SO ORDERED**.

Date: October 17, 2024　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

10

Case 4:24-cv-00576-FJG   Document 13   Filed 10/17/24   Page 10 of 10